UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI



DOLGENCORP INC., DOLLAR
GENERAL CORPORATION, AND DALE
TOWNSEND,

    Plaintiffs,

VERSUS

THE MISSISSIPPI BAND OF CHOCTAW
INDIANS, THE TRIBAL COURT OF THE
MISSISSIPPI BAND OF CHOCTAW
INDIANS, THE HONORABLE
CHRISTOPHER A. COLLINS (in his
official capacity), and JOHN DOE, A
MINOR, BY AND THROUGH HIS
PARENTS AND NEXT FRIENDS JOHN
DOE SR. AND JANE DOE

    Defendants.

CIVIL ACTION NO. 4:08cv22 TSL-JS

JUDGE

MAGISTRATE

## COMPLAINT

Dollar General Corporation, Dolgencorp Inc. and Dale Townsend allege as follows:

1.

Plaintiff Dolgencorp Inc. (hereinafter "Dollar General") is a Kentucky corporation with its principle place of business at 100 Mission Ridge, Goodlettsville, Tennessee.

2.

Plaintiff Dollar General Corporation is a Tennessee corporation with its principle place of business in Goodlettsville, Tennessee.

3.

Plaintiff Dale Townsend is a person of the full age of majority and a resident of Neshoba County, Mississippi.

4.

Defendant, the Mississippi Band of Choctaw Indians (hereinafter "the Tribe") is a federally recognized Indian Tribe whose reservation is located within the geographic boundaries of the United States District Court for the Southern District of Mississippi.

5.

Defendant, the Tribal Court of the Mississippi Band of Choctaw Indians is the judicial arm of the Tribe created by the Tribal Council pursuant to the Constitution of the Tribe as reflected in the Tribal Code.

6.

Defendant the Honorable Christopher A. Collins, is an individual of the full age of majority and a resident of Neshoba County, Mississippi, named here in his official capacity as trial court judge for Tribal Court of the Mississippi Band of Choctaw Indians. John Doe's action in Tribal Court has been assigned to Judge Collins' division.

7.

Defendant, John Doe, by and through his parents and next friends, John Doe Sr. and Jane Doe, on information and belief is a minor child and a member of the Mississippi Band of Choctaw Indians. Defendant Doe is the Plaintiff in that certain suit styled "John Doe, by and through his parents and best friends, John Doe Sr. and Jane Doe v. Dale Townsend and Dolgencorp Inc.," Civil Action No. CV-2-05 on the docket of the trial court of the Tribal Court of the Mississippi Band of Choctaw Indians.

8.

This court has jurisdiction over this action under 28 U.S.C. 1331 as an action arising under the laws of the United States.

9.

Venue is proper in this court as all defendants reside and/or may be found in the geographical boundaries of the United States District Court for the Southern District of Mississippi and the activities giving rise to this Complaint have occurred and are occurring in this judicial district.

10.

Dollar General Corporation, Dolgencorp, Inc. and Dale Townsend (hereinafter sometimes "Plaintiffs") have been named as defendants in a civil suit filed in Tribal Court by John Doe, (an unidentified minor), through his parents.

11.

Plaintiffs responded to the suit with motions to dismiss for lack of subject matter and/or personal jurisdiction.

12.

On July 28, 2005, Defendant Collins denied Plaintiffs' Motions to Dismiss and concluded that the Tribal Court had jurisdiction over Plaintiffs.

13.

On August 13, 2005, Dollar General Corporation and Dolgencorp, Inc. filed a Motion with the Supreme Court of the Mississippi Band of Choctaw Indians (the "Choctaw Supreme Court") requesting permission to appeal the decision of the Tribal Trial Court on the jurisdictional issue. Dale Townsend joined in this motion.

14.

On February 8, 2008, the Choctaw Supreme Court granted the Motion for Permission to Appeal. The Choctaw Supreme Court then concluded that the Tribal Court had jurisdiction over

Plaintiffs. On March 3, 2008, the Choctaw Supreme Court ordered that John Doe's suit go forward in Tribal Court.

15.

Plaintiffs have no avenue available to them to further contest the jurisdiction of the Tribal Court in Tribal Court and have fully exhausted all avenues available to it in Tribal Court for contesting jurisdiction.

16.

The decision of the Choctaw Supreme Court is erroneous. The Tribal Court does not have jurisdiction over Plaintiffs in the action filed on behalf of John Doe by his parents.

17.

Plaintiffs will suffer irreparable harm if it is required to continue litigation of John Doe's case in Tribal Court. Particularly, continued litigation in Tribal Court could subject them to a judgment and the enforcement thereof by Tribal authorities with no avenue for redress against the Tribe due to the Sovereign Immunity of the Tribe. Additionally, Plaintiffs would have to expend significant sums to defend themselves in a court without jurisdiction with no avenue for ever recovering those expenditures.

18.

Plaintiffs will suffer further irreparable injury in Tribal Court as the limited jurisdiction of that court may well impair its ability to subpoena witnesses necessary to the defense of the claim.

19.

John Doe will not be substantially harmed by the issuance of an injunction against proceeding in Tribal Court as the only proceedings in Tribal Court to date have dealt with that court's jurisdiction and John Doe may file his claims for damages in state court or federal court.

20.

The public interest will be served by the granting of the injunction. Particularly, the public has an interest in the proper delineation of the scope of Tribal Courts' jurisdiction.

21.

John Doe seeks the recovery of punitive damages in his Tribal Court action.

22.

The Tribal Court does not have jurisdiction to award civil penalties including punitive damages against Plaintiffs.

23.

In 2003, Defendant Mississippi Band of Choctaw Indians brought an action in Tribal Court against Dale Townsend seeking to exclude him from the boundaries of the reservation forever.

24.

In that proceeding, the Office of the Attorney General of the Mississippi Band of Choctaw Indians represented to Mr. Townsend that should he agree to an order of exclusion, there would be no further legal proceedings against him.

25.

Based on these representations, Mr. Townsend consented to the Order of Exclusion being entered against him.

26.

In so doing, Mr. Townsend waived his rights to a hearing, to confront his accuser, and to the assistance of counsel.

27.

As a result of agreeing to the Order of Exclusion, Mr. Townsend lost his job because he could not come to work at the Dollar General store on the reservation.

28.

On March 3, 3008, the Choctaw Supreme Court purportedly modified the Order of Exclusion for the sole purpose of allowing Mr. Townsend to come back on the reservation for the defense of John Doe's action.

29.

The Order of Exclusion was issued in action No. CV-1318-2003 titled Mississippi Band of Choctaw Indians v. Dale Townsend.

30.

The Supreme Court's order purportedly modifying the Order of Exclusion was issued in the action No. CV-02-05 titled John Doe, Jr., A Minor, by and through his parents and next friends, John Doe, Sr. and Jane Doe v. Dollar General Corporation, Dolgencorp, Inc. and Dale Townsend individually and jointly and severally with Dollar General Corporation and Dolgencorp, Inc.

31.

Being required to participate in proceedings in Tribal Court would violate Plaintiffs' rights to Due Process as guaranteed by the United States Constitution.

NewOrleans 285929.1

26.

In so doing, Mr. Townsend waived his rights to a hearing, to confront his accuser, and to the assistance of counsel.

27.

As a result of agreeing to the Order of Exclusion, Mr. Townsend lost his job because he could not come to work at the Dollar General store on the reservation.

28.

On March 3, 3008, the Choctaw Supreme Court purportedly modified the Order of Exclusion for the sole purpose of allowing Mr. Townsend to come back on the reservation for the defense of John Doe's action.

29.

The Order of Exclusion was issued in action No. CV-1318-2003 titled Mississippi Band of Choctaw Indians v. Dale Townsend.

30.

The Supreme Court's order purportedly modifying the Order of Exclusion was issued in the action No. CV-02-05 titled John Doe, Jr., A Minor, by and through his parents and next friends, John Doe, Sr. and Jane Doe v. Dollar General Corporation, Dolgencorp, Inc. and Dale Townsend individually and jointly and severally with Dollar General Corporation and Dolgencorp, Inc.

31.

Being required to participate in proceedings in Tribal Court would violate Plaintiffs' rights to Due Process as guaranteed by the United States Constitution.

6

NewOrleans 285929.1

32.

Attached hereto as Exhibit 1 is a complete and true copy of the record of proceedings in Tribal Court.

WHEREFORE, Plaintiffs pray that after due proceedings be had, the Court provide them the following relief;

1) For a temporary restraining order prohibiting Defendants from taking any action or any step in the prosecution of that certain case "*John Doe through his parents and next friends John Doe Sr. and Jane Doe v. Dale Townsend and Dolgencorp Inc.*" Docket No. CV-2-05 currently pending in the Tribal Court for the Mississippi Band of Choctaw Indians including, but not limited to, engaging in discovery, seeking any relief, filing any motions, issuing any orders, making any findings of fact or conclusions of law;

2) to schedule within 10 days of the date of the Temporary Restraining Order a hearing on Plaintiff's request for Preliminary Injunctive Relief, and that the a preliminary injunction issue prohibiting Defendants from taking any action or any step in the prosecution of that certain case "*John Doe through his parents and next friends John Doe Sr. and Jane Doe v. Dale Townsend and Dolgencorp Inc.*" Docket No. CV-2-05 currently pending in the Tribal Court for the Mississippi Band of Choctaw Indians including, but not limited to, engaging in discovery, seeking any relief, filing any motions, issuing any orders, making any findings of fact or conclusions of law;

3) That at the time of trial, the preliminary injunction be made permanent, enjoining Defendants forevermore from taking any action or any step in the prosecution of that certain case "*John Doe through his parents and next friends John Doe Sr. and Jane Doe v. Dale Townsend*

*and Dolgencorp Inc.*" Docket No. CV-2-05 currently pending in the Tribal Court for the Mississippi Band of Choctaw Indians including, but not limited to, engaging in discovery, seeking any relief, filing any motions, issuing any orders, making any findings of fact or conclusions of law;

 4) For such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
EDWARD F. HAROLD
 Mississippi Federal Bar Roll No. 30207
Fisher & Phillips L.L.P.
201 St. Charles Ave., Suite 3710
New Orleans, LA 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: eharold@laborlawyers.com

**COUNSEL FOR PLAINTIFF, DOLGENCORP INC.**

_____
WILLIAM I. GAULT, JR. (MSB#4774)
LAW OFFICES OF WILLIAM I. GAULT, JR., PLLC
401 Fontaine Place, Suite 101
Ridgeland, Mississippi 39157
Post Office Box 12314
Jackson, Mississippi 39236
Telephone: 601-983-2255
Facsimile: 601-510-8050

**COUNSEL FOR DEFENDANT, DALE TOWNSEND**

8